UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO .
MAGISTRATE JUDGE

00-7439

CIV-FERGUSON

MAGISTRATE JUDGE
SNOW

ADVOCATES FOR THE DISABLED, INC. and
PETER Di PALMA individually, and
ERNST ROSENKRANTZ individually

Plaintiff s,

vs.

SUBWAY 1674, Inc., a Florida corporation
and PUBLIX SUPERMARKETS, Inc., a Florida
corporation,

Defendants.

_______________________________________/

**COMPLAINT**

(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER Di PALMA and ERNST ROSENKRANTZ (sometimes referred to herein as "Plaintiff"or Plaintiffs ), sue the Defendant(s),Subway 1674, Inc., a Florida corporation and Publix Supermarkets, Inc., a Florida corporation (sometimes jointly referred to as "Defendants") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

**JURISDICTION AND VENUE**

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6. Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ADVOCATES FOR THE DISABLED, INC. , and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ADVOCATES FOR THE DISABLED, INC.

has also been discriminated against because of its association with its disabled members and their claims.

6a. Plaintiff, PETER Di PALMA is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property.

6b. Plaintiff, ERNST ROSENKRANTZ is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property.

6c. The barriers to access at the property described below have effectively denied or diminished plaintiffs' ability to visit the property and have endangered their safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the plaintiffs .

6d. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

7. Plaintiffs desire to visit the defendant's property not only to avail themselves of the goods

and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Subways, a restaurant, and is located at 4795 S. University Drive, Davie, Florida .

## THE INSTANT CLAIM

10. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

11. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges , advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less):

**PARKING**

1. In this parking lot there are under twenty-five spaces and none are designated for disabled use and no access aisles are provided violating sections 4.1.2 and 4.6.3 of the ADAAG. (See Photos #1, #2 and #4)

2. The spaces designated for disabled use have no accessible route to the facility. There no proper access aisles and the nearest route to stores leads to a curb or ramp with a slope in excess of 1:12 in violation of sections 4.3.2 ,4.3.3, 4.6.2, 4.6.3, and 4.8.2 of the ADAAG. (See photos #12 and #13)

3. The signs designating the disabled parking spaces are missing in violation of section 4.6.4 of the ADAAG. (See photo #2)

4. There are no signs indicating disabled parking spaces throughout the complex in

violation of section 4.6.4 of the ADAAG. (See photo #4)

5. The ramp to the parking spaces is in disrepair with changes in level in excess of one-half inch and/or cross slopes in excess of 1:50 in violation of sections 4.3.8, 4.6.3, 4.7.2 and 4.8.2 of the ADAAG.(See photo #3)

6. There is no level landing and the ramp to the parking spaces leads into vehicular traffic areas in violation of sections 4.7.6, 4.7.8 and 4.8.4 of the ADAAG. (See photos #2, #3 and #13)

**ENTRANCE ACCESS and PATH OF TRAVEL**

1. There are no accessible routes from the street, sidewalk and parking areas. The route from the street and sidewalk leads to a ramp with slopes in excess of 1:12 in violation of sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG. (See Photos #1, #4 and #13).

2. The ramp leading to the adjacent buildings has a slope in excess of 1:12 violating sections 4.3.8, 4.5.2, 4.7.1 and 4.3.1 of the ADAAG. (See Photos #3 and #13)

3. There is not a clear level landing on the ramps to the building in violation of sections 4.3.7 and 4.3.8 of the ADAAG. (See Photo #3)

**ACCESS TO GOODS AND SERVICES**

1. In the store the counters are above the prescribed limit without signs for disabled assistance in violation of sections 4.2.5, 4.2.6, 4.3.2, 4.3.3, 7.2(1), and 7.3 of the ADAAG. (No Photos available)

**OTHER ACCESS**

1. There are restrooms provided for public use at the restaurant without the required door hardware violating section 4.13.9 and 4.13.1 of the ADAAG. (See photos #5 through #11)

2. There are restrooms provided for public use at the restaurant that are completely inaccessible in violation of several sections1 of the ADAAG. (See photos #5 through #11)

14. The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of

Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

16. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b. An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c. Such other relief as the Court deems just and proper.

**FULLER, MALLAH AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By:____________________
John Mallah, Esq. Fl. Bar #457760

Date: 9/21/00

W:\WPDocs\A.D.A\SUBWAY 1674\PLEADINGS\Complaint.wpd



#1



#2



#3



#4



#5



#6



#7



#8



#9



#10



#11



#12



#13

# CIVIL COVER SHEET 00-7439

CIV-FERGUSON

MAGISTRATE JUDGE SNOW

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

ADVOCATES FOR THE DISABLED, INC, PETER DiPALMA individually, and ERNST ROSENKRANTZ, individually

**DEFENDANTS**

SUBWAY 1674, Inc., and PUBLIX SUPERMARKETS, INC., a Florida corporation,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Broward | 00cv7439 | FERGUSON / Snow

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULLER MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139 (305) 538-6483

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

IVa. ______ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions * A or B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General *
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other *
- ☐ 550 Civil Rights * A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 DEMAND $ ☐ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ________ DOCKET NUMBER ________

DATE 9/21/00 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 826177 Amount: 150.00
M/ifp: ________
Date Paid: 09/28/00